UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHARYAR SHAH,

Plaintiff,

v.

786 MS CORP., *et al.*,

Defendants.

---

No. 20-CV-4406 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On June 9, 2020, Plaintiff Sharyar Shah ("Plaintiff") brought this Action against 786 MS Corp., Ayaz Mukhadas ("Mukhadas"), and Safaie Mostafa ("Mostafa"; collectively, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and N.Y. Lab. Law ("NYLL") Article 19 § 650 *et seq.* (*See* Compl. (Dkt. No. 4).) The Parties moved for approval of a proposed settlement. (Dkt. No. 35). The Court issued an Order denying the proposed settlement without prejudice. (Dkt. No. 36). The Parties submitted a letter addressing the Court's concerns with a revised proposed settlement agreement (the "Motion"). (Dkt. No. 37.) For the reasons that follow, the Motion is granted.

I. Discussion

The Court will not restate the facts of this case here but instead address how the Parties have satisfied the Court's previous concerns. The Court noted that it did not have sufficient information to determine whether the settlement sum was fair and reasonable. The Parties have now furnished additional information regarding the revised proposed settlement agreement (the "Revised Settlement Agreement"). Under the Revised Settlement Agreement, Defendants agree to pay $21,750.00 (the "Settlement Amount"). (Letter from Sam B. Smith, Esq. to Court (May

25, 2021) ("Smith Letter") (Dkt. No. 37); Revised Settlement Agreement.)  Plaintiff will receive

$13,938.54, while Plaintiff's Counsel seeks one third of the Settlement Amount in attorney's fees

and expenses.  (Smith Letter 3; Revised Settlement Agreement 1–2.)  Plaintiff has calculated the

damages stemming from unpaid overtime and being paid under the minimum wage to be

$12,692.50, inclusive of liquidated damages.  (Smith Letter 3; Ex. 3.)  This Settlement Amount

awards Plaintiff $1,246.04 over his total damages amount and provides a detailed calculation of

his wage damages.  (Ex. 3.)  Thus because Plaintiff will receive over 100% of his calculated

damages, the Court finds this sum fair and reasonable under *Cheeks v. Freeport Pancake House,*

*Inc.*, 796 F.3d 199 (2d Cir. 2015).

The Revised Settlement Agreement includes a Release and Covenant Not To Sue (the

"Release").  (Revised Settlement Agreement 3.)  The Parties have amended the language in the

Revised Settlement Agreement by limiting the waiver to claims relating to "the conduct that has

arisen out of the factual predicate of the settled conduct" and for damages "limited to the claims

at issues in [the] action."  (Revised Settlement Agreement 3; Smith Letter 4–5.)  The Court finds

that this revised language satisfies that that "any release provision must be limited to the claims

at issue in this action."  *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL

9162701, at *2 (S.D.N.Y. Dec. 15, 2015); *see also Larrea v. FPC Coffees Realty Co., Inc.*, No.

15-CV-1515, 2017 WL 1857246, at *3 (S.D.N.Y. May 5, 2017) ("[A] number of judges in this

District refuse to approve any FLSA settlement unless the release provisions are limited to the

claims at issue in this action." (quotation marks omitted)).  A release must be limited to "conduct

[that] arises out of the identical factual predicate as the settled conduct."  *Nights of Cabiria*, 96 F.

Supp. at 181; *see also Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2

(S.D.N.Y. Jan. 15, 2016) ("The [c]ourt will not approve a release provision that extends beyond

the claims at issue in this action."); *cf. Pucciarelli v. Lakeview Cars, Inc.*, 16-CV-4751, 2017 WL 2778029, at *3 (E.D.N.Y. June 26, 2017) (approving release that, "while broad, . . . relates specifically to wage and hour issues without encompassing, for example, prospective discrimination claims"). Because the Release is now limited to conduct to the conduct at issue in this matter, the Court is satisfied that the Release is no longer overbroad.

Lastly, the Court now has sufficient information to determine that the attorney's fees and associated legal fees requested are fair and reasonable. When requesting attorney's fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012). Here, Plaintiff's Counsel seeks one third of the Settlement Amount. (Smith Letter 4.) Plaintiff's Counsel has submitted detailed billing records to substantiate his request for attorney's fees and costs. (See Ex. 2.) Plaintiff's Counsel billed a total of $33,644.40 in legal fees for a total of 82.10 hours and spent an additional $572.56 in expenses and court fees. (*Id.*) Plaintiff's Counsel includes time entries with information as to the legal work performed to represent Plaintiff in this matter. The attorney's fees requested, totaling $7,811.46 are significantly less that the amount billed by Plaintiff's Counsel for this case. (Smith Letter 4.) Courts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of

3

the total recovery.  *See Zorn-Hill v. A2B Taxi LLC*, Nos. 19-CV-1058, 18-CV-11165, 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) (collecting cases); *Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016).  Given that courts in this Circuit routinely award one third of the Settlement Amount for attorney's fees and associated costs, the Court finds the request by Plaintiff's Counsel reasonable in light of the evidence provided to support such an award.

## II.  Conclusion

For the foregoing reasons, the Parties' Motion for Approval of the Revised Settlement Agreement is granted.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   White Plains, New York
         June 1, 2021

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4